IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARD DRIVE PRODUCTIONS, INC.,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.

CIV. NO. S-11-3074 KJM CKD

ORDER

_____/

Presently before the court is plaintiff's ex parte application for leave to take expedited discovery, filed on January 6, 2012. (Dkt. No. 7.) Plaintiff has not noticed the ex parte application for hearing. Having reviewed the papers in support of the application, the court concludes that oral argument would not be of material assistance in resolving the application. Accordingly, the application will be decided on the papers submitted.

BACKGROUND

On November 21, 2011, plaintiff filed a complaint for copyright infringement and civil conspiracy against John Doe, an unnamed defendant. (Dkt. No. 2.) Plaintiff is a producer of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights with respect to a copyrighted adult video titled "Amateur Allure - Violet" (the "Video"). (See Complaint, Dkt. No. 2 ["Compl."] ¶¶ 3-4.) In the course of monitoring Internet-based

infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video occurring over a particular IP address via the Bit Torrent file transfer protocol. (Compl. ¶¶ 5, 22-24.) According to plaintiff, it has already determined that a person named Jeff Goldberg is the account holder of the IP address involved. (Dkt. No. 7 at 5.) During initial discussions with Mr. Goldberg, Mr. Goldberg was allegedly combative and indicated that he did not unlawfully download or distribute the Video. (Id. at n.1) However, he did not offer any explanation as to why his IP address was logged as unlawfully downloading or distributing the Video. (Id.) Since the initial discussions with Mr. Goldberg, he has apparently ignored all further correspondence from plaintiff. (Id.)

Plaintiff now requests the court to authorize service of a deposition subpoena on Mr. Goldberg. Plaintiff states that, in some cases, an account holder may be able to offer a credible explanation for why he or she is not the infringer and may be able to identify the actual infringer, such as another household member or tenant. (Dkt. No. 7 at 5.) As such, plaintiff contends that it cannot proceed in the action without ascertaining the likely infringer's identity, and that Mr. Goldberg is the only person with information that can allow plaintiff to identify the actual infringer and permit service of process on that individual. (Id.)

DISCUSSION

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary

1  injunction.  Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675,
2  676 (D. Colo. 2002).  Moreover, several unpublished opinions from federal district courts in
3  California, applying the test in Semitool, found good cause to allow expedited discovery to
4  ascertain the identities of Doe defendants in copyright infringement actions.  See e.g. UMG
5  Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v.
6  Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).

7              For example, in Arista Records LLC, the plaintiffs alleged that unidentified
8  defendants had used an online media distribution system to download and distribute plaintiffs'
9  copyrighted works to the public without permission.  Arista Records LLC, 2007 WL 4538697, at
10 *1.  Because the plaintiffs were only able to identify each defendant by a unique internet protocol
11 address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve
12 immediate discovery on a third-party internet service provider ("ISP") to identify the Doe
13 defendants' true identities.  Id.  The court found good cause to allow expedited discovery based
14 on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long
15 preserve the information sought, the narrow tailoring of the requests to the minimum amount of
16 information needed to identify the defendants without prejudicing their rights, and the fact that
17 the expedited discovery would substantially contribute to moving the case forward.  Id.  The
18 court further noted that, without such discovery, plaintiffs could not identify the Doe defendants
19 and would not be able to pursue their lawsuit to protect their copyrighted works from
20 infringement.  Id.

21             Here, plaintiff has not demonstrated good cause for the expedited discovery
22 requested.  Unlike the plaintiffs in UMG Recordings, Inc. and Arista Records LLC, plaintiff has
23 already discovered the name and contact information of the account holder of the IP address
24 involved.  Therefore, assuming plaintiff has a good faith basis for its claims, plaintiff can name
25 Mr. Goldberg as a defendant and serve him with process.  Simply put, plaintiff is not unable to
26 pursue its lawsuit to protect its copyrights absent expedited discovery.

1         Moreover, even if plaintiff were to establish good cause for the expedited
2 discovery requested, it is outweighed by the significant potential prejudice to the responding
3 party, Mr. Goldberg.  "Expedited discovery may be inappropriate where defendants are required
4 to unwarily incriminate themselves before they have a chance to review the facts of the case and
5 to retain counsel."  Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted).  To be sure, courts
6 frequently allow expedited discovery in copyright infringement cases involving peer-to-peer
7 ("P2P") networks to allow identification of Doe defendants.  But, the expedited discovery
8 requested is usually a narrowly tailored document subpoena seeking the minimum amount of
9 information needed to identify defendants, such as names, addresses, phone numbers, and e-mail
10 addresses of account holders associated with the IP addresses.  See e.g. Diabolic Video
11 Productions, Inc. v. Does 1-2099, 2011 WL 3100404, at *4 (N.D. Cal. May 31, 2011); IO Group,
12 Inc. v. Does 1-65, 2010 WL 4055667, at *3 (N.D. Cal. Oct. 15, 2010); UMG Recordings, Inc.,
13 2008 WL 4104207, at *3; Arista Records LLC, 2007 WL 4538697, at **1-2.

14         In this case, plaintiff already has this information, but instead seeks to depose an
15 identified account holder.  During the deposition, plaintiff "intends to elicit facts about Mr.
16 Goldberg's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via Mr.
17 Goldberg's IP address; to learn about Mr. Goldberg's computers and network setup; to assess
18 Mr. Goldberg's technical savvy; and to identify any other persons who had access to Mr.
19 Goldberg's computer and network."  (Dkt. No. 7 at 11.)  This goes far beyond seeking to identify
20 a Doe defendant.  Instead, it amounts to a full-on deposition during which Mr. Goldberg, who
21 plaintiff admits is likely not represented by counsel (dkt. no. 7 at 5 n.1), may unwarily
22 incriminate himself on the record before he has even been named as a defendant and served with
23 process.[1]

---

[1] Plaintiff argues that the proposed expedited discovery would minimize the burden on Mr. Goldberg, because the deposition would take place within 100 miles of Mr. Goldberg's residence, plaintiff is willing to pay his attendance fees and mileage, and he would not have to incur the costs of responding to plaintiff's complaint and bear the burden of discovery costs.

4

1    In sum, good cause does not exist for the broad and prejudicial early discovery requested. Assuming plaintiff has a good faith basis for its claims, plaintiff can name Mr. Goldberg as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any discovery necessary. Procedural vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if necessary.

CONCLUSION

Accordingly, for the reasons discussed above, IT IS ORDERED that plaintiff's ex parte application for leave to take expedited discovery (dkt. no. 7) is DENIED.

Dated: January 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
HardDrive.3074.exp.disc.wpd

---

However, the court is not greatly troubled by these considerations, given that Mr. Goldberg has apparently declined to informally meet and confer with plaintiff. The significant prejudice that could result from an open-ended deposition of a potential defendant, before he has even had an opportunity to review the claims against him and obtain counsel, is of much greater concern.