Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | No. 2:11-cv-03074-KJM-CKD <br><br> **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CAROLYN K. DELANEY'S PRETRIAL ORDER OF JANUARY 11, 2012** |

Plaintiff, Hard Drive Productions, Inc., through its counsel and pursuant to Federal Rule of Civil Procedure 72 and Local Rule 304, hereby timely files its Objections to the Magistrate Judge's Pretrial Order of January 11, 2012. (ECF No. 8) [hereinafter the "January 11 Order"]. Plaintiff respectfully requests that the Court set aside Magistrate Judge Carolyn K. Delaney's (hereinafter "the Magistrate Judge") January 11 Order and enter an order granting Plaintiff leave to serve a single deposition subpoena on Jeffrey Goldberg so that Plaintiff may proceed to name and serve the actual infringer in this action with summons and complaint.

## BACKGROUND

Plaintiff is a producer of adult entertainment content and is the exclusive holder of the relevant rights with respect to the copyrighted work titled "Amateur Allure – Violet" (the "Video"). (*See* Am. Compl., ECF No. 9.)[1] In a previous action brought in the Northern District of California, Plaintiff filed a complaint for copyright infringement and civil conspiracy against fifty-three (53) John Does. *Hard Drive Productions, Inc. v. Does 1 – 53*, No. 3:11-cv-02330 (N.D. Ca. 2011). The

---

[1] Plaintiff Amended the Complaint on January 24, 2012, to take out additional language accidentally included in the original Complaint. (ECF No. 9.) Other than this immaterial change, the Complaint and the Amended Complaint are virtually identical. The extraneous language appeared irrelevant to the Magistrate Judge's January 11 Order.

Court in that case granted Plaintiff's *Ex Parte* Application for Leave to Take Discovery on the grounds that Plaintiff had shown good cause to take early discovery of the identities of account holders associated with infringing IP addresses. *Id.* (*Id.*, Order, August 3, 2011, ECF No. 14.)

Plaintiff then issued court-authorized subpoenas *duces tecum* to various Internet Service Providers ("ISPs"), including Mr. Goldberg's ISP, Charter Communications ("Charter"), for the production of documents containing the basic identifying information of the account holders associated with the infringing IP addresses. *Id.* Charter Communications identified Mr. Jeffrey Goldberg as one of those account holders. (Decl. of Brett Gibbs ¶ 2.) Based on this information, Plaintiff attempted to meet and confer with Mr. Goldberg in order to determine whether account holder Mr. Goldberg was also the infringer. (*Id.* ¶¶ 4-6.) In some cases it is not the account holder, but instead a member of the account holder's household—e.g. a roommate or a tenant—that is the infringer. Mr. Goldberg rejected Plaintiff's attempts to meet and confer and avoided Plaintiff's subsequent attempts to communicate with him. (*Id.*) Thus, Plaintiff's good faith efforts to ascertain the infringer's true identity have been stymied by the account holder's complete refusal to communicate with Plaintiff.

On November 21, 2011, Plaintiff filed a complaint for copyright infringement and civil conspiracy against the John Doe who committed infringement via Mr. Goldberg's Internet account. (Pl's Compl., November 21, 2011, ECF No. 2), followed by an *Ex Parte* Application for Leave to Take Expedited Discovery to Identify John Doe ("Application for Expedited Discovery"). (ECF No. 7.) As Plaintiff explained in its Application for Expedited Discovery, whether Mr. Goldberg is the infringer remains an unanswered question. Although Mr. Goldberg might be the infringer, it may also be the case that a member of Mr. Goldberg's house is the infringer. The purpose of the Application for Expedited Discovery was to allow Plaintiff a deposition of Mr. Goldberg to obtain the information it needed to make that determination, and in turn, name and serve, the proper Doe Defendant. Plaintiff has used this device in other similar copyright infringement cases with great success. (Decl. of Brett Gibbs ¶ 12.) The Magistrate Judge denied Plaintiff's Application for Expedited Discovery in its January 11 Order. (Order, ECF No. 8.)

## LEGAL STANDARD

This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits a magistrate judge to decide certain non-dispositive matters. Local Rule 303(a); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Pursuant to Local Rule 303(f), this Court will uphold a magistrate judge's decision unless it was "clearly erroneous or contrary to law." Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990).

The "clearly erroneous or contrary to law" standard applies to a magistrate judge's factual determinations and discretionary decisions. *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal 1999); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). Review under the "clearly erroneous or contrary to law" standard is "significantly deferential to the magistrate's ruling." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *Secutirty Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999. 1014 (9th Cir. 1997). To overturn a magistrate judge's decision as clearly erroneous or contrary to law under Rule 72(a), the court must have "a definite and firm conviction that a mistake has been committed." *Computer Econ.*, 50 F. Supp. 2d at 983; *David H. Tedder & Assoc., Inc. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir. 1996).

## ARGUMENT

The January 11, 2012 Order was clearly erroneous and contrary to law because the Magistrate Judge applied the incorrect legal standard in deciding Plaintiff's Application for Expedited Discovery. This section consists of two parts. Part I discusses the legal standard for deciding expedited discovery applications. Part II argues that the Magistrate Judge applied the incorrect legal standard in deciding Plaintiff's expedited discovery application.

///

///

///

I.   **LEGAL STANDARD FOR DECIDING EXPEDITED DISCOVERY APPLICATIONS**

Courts nationwide generally apply two different legal standards for deciding expedited discovery applications. *Compare Noble v. Kiewit Pac. Co.*, No. C 08-00666 SI, 2008 WL 413754, at *1 (N.D. Cal. Feb. 13, 2008), *with Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The antiquated legal standard is the *Notaro* test, which requires a party seeking expedited discovery to establish four elements:

> (1) Irreparable injury; (2) some probability or success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro*, 95 F.R.D. at 405. The *Notaro* case was decided under the then-controlling rule—FRCP 30(a)—which required a plaintiff to obtain leave of the court to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant. *Id*. at 404-05. The purpose of the 30 day no-deposition window was to prevent defendants from unwarily incriminating themselves before they had a chance to review the facts of the case and to retain counsel. *Id.* at 405.

The conventional legal standard is the "good cause" test. *Semitool, Inc. v. Tokyo Electon. Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The good cause test is a clean break from *Notaro*. *Id.* The standard proclaims that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Although the Ninth Circuit has not addressed the propriety of *Notaro*, district courts in the Ninth Circuit overwhelmingly apply the good cause test. *See, e.g. Berlin Media Art v. Does*, 2011 U.S. Dist. Lexis 102568 (E.D. Cal. Sept. 9, 2011); *Apple Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. Lexis 53233 (N.D. Cal. May 18, 2011); *Allcare Dental Management, LLC v. Zrinyi*, 2008 U.S. Dist. Lexis 84015 (D. Idaho Oct. 20, 2008) ("For the same reasons explained in *Semitool*, including

the fact that Notaro was decided before the current 1993 amendments to Rule 26 took effect, this Court also declines to apply Notaro and instead applies the conventional standard of good cause in evaluating a request for expedited discovery.").

## II.   THE MAGISTRATE JUDGE APPLIED THE NOTARO TEST, NOT THE GOOD CAUSE TEST

The Magistrate Judge correctly identified the good cause test as the proper legal standard for deciding Plaintiff's expedited discovery application. (ECF No. 8 at 2.) However, the analysis in the January 11 Order was not an application of the good cause test. Instead, it was an application of the *Notaro* test.

The January 11 Order denied Plaintiff's expedited discovery application on two grounds. (ECF No. 8.) First, the Court ruled that Plaintiff did not have good cause for seeking expedited discovery because, "[s]imply put, plaintiff is not unable to pursue its lawsuit to protect its copyrights absent expedited discovery." (ECF No. 8 at 3.) Second, the Court ruled that allowing Plaintiff to depose Mr. Goldberg may cause Mr. Goldberg to, "unwarily incriminate himself on the record before he has even been named as a defendant and served with process." (ECF No. 8 at 4.) Both of these grounds are taken directly, and virtually verbatim, from *Notaro*. They are demonstrably inconsistent with the *Semitool* good cause test.

With respect to the first ground, the good cause test does not require Plaintiff to show that it would be unable to pursue its lawsuit to protect its copyrights absent Mr. Goldberg's deposition. *See Semitool,* 208 F.R.D. at 274. In other words, Plaintiff is not required to show that it would be irreparably harmed if it was unable to take Mr. Goldberg's deposition. Instead, Plaintiff is merely required to show that expedited discovery would, "ultimately conserve party and court resources and expedite the litigation." *Id.* The higher standard applied in the January 11, 2012 order is the "irreparably injured" element of the *Notaro* test—an element not present in the good cause test.

For the reasons more fully described in Plaintiff's Expedited Discovery Application (ECF no. 8), Plaintiff's request readily satisfies the good cause test. Due to the nature of Internet-based

infringement and the particular circumstances of this case,[2] Plaintiff merely knows who the Internet subscriber is and not the infringer. If the good cause standard involves conserving party and court resources, Plaintiff can think of no reason why: 1) naming and serving Mr. Goldberg with summons and complaint, 2) responding to Mr. Goldberg's inevitable flurry of motions 3) deposing Mr. Goldberg—perhaps only to dismiss Mr. Goldberg and start all over again with the actual infringer—does more to preserve party and court resources than simply taking Mr. Goldberg's deposition in an attempt to determine the infringer's identity. Further, Plaintiff cannot imagine how Mr. Goldberg would be less prejudiced by being potentially wrongly-named as a defendant in a federal lawsuit rather than merely attending a deposition.

With respect to the second ground, the Magistrate Judge expressly referenced the *Notaro* test's "unwary incrimination" concern. (ECF No. 8 at 4.) While the *Notaro* test was designed to protect defendants from unwarily incriminating themselves before they had a chance to review the facts of the case and retain counsel, the good cause test is designed to promote the interests of justice and the just, speedy and inexpensive determination of every action. *See Semitool,* 208 F.R.D. at 273. These different policy goals reflect the 1993 amendment to Rule 26, which replaced the 30(a) thirty day no-deposition rule with the Rule 26 bar on discovery prior to the Rule 26(f) conference. *Id.* The timing of discovery prescribed by Rule 26(d) focuses not on protecting the unwary and unrepresented defendant, but rather on orderly case management. *Id.* It is clearly improper for a court that is applying the good cause test to use the "unwary incrimination" concern as a basis for denying a petition for expedited discovery.

This is especially true where, as here, the prospective deponent—Mr. Goldberg—has been on notice of Plaintiff's copyright infringement claims with respect to his Internet account for over

---

[2] Plaintiff would note for the Court that deposition requests are made in highly factually-specific contexts. Indeed, in some digital copyright infringement cases deposition requests are not necessary. For example, in cases where the account holder is not the infringer, the account holder—ostensibly acting out of self-interest—credibly identifies the true infringer. This is particularly true where the account holder and the likely infringer are not related (e.g. they are roommates). In another case filed in this District, a copyright holder (also represented by Plaintiff's counsel) named and served an alleged infringer with process without first requesting a deposition subpoena. There, under the particular circumstances of that case, the plaintiff was able to gain sufficient certainty as to the infringer's identity to have a good faith basis for amending the complaint to name and serve the infringer with summons and the amended complaint. *See, e.g., Boy Racer, Inc. v. Philip Williamson*, 2:11-cv-3072-MCE-KJN, ECF No. 7.

*five months*. (Decl. of Brett Gibbs ¶ 10.) Plaintiff filed its original complaint for copyright infringement in May of last year in the Northern District of California. *Hard Drive Productions, Inc. v. Does 1-53*, 3:11-cv-2330-EDL (N.D. Cal. 2011). That Court granted Plaintiff's motion for discovery and Plaintiff proceeded to issue subpoenas to respective the ISPs in August of last year. *Id.*, Order Granting Pl. Leave to Take Early Disc., ECF No. 14. Mr. Goldberg's ISP was also served with this subpoena, and the ISP provided Mr. Goldberg with the requisite notice and documents on or around August. *Id.* Because the case at hand involves essentially the same issues, law, and parties, Mr. Goldberg has had almost *five months* to prepare himself and retain an attorney. Additionally, Plaintiff even notified Mr. Goldberg of the present action via certified mail, return receipt requested. (Decl. of Brett Gibbs ¶ 11.) It cannot be argued that Plaintiff's discovery request is an attempt by Plaintiff to catch Mr. Goldberg unaware or that Mr. Goldberg has not had ample opportunity to review his case and retain counsel.

The Magistrate Judge's decision creates an obvious loophole for infringers to elude scrutiny for infringing activity: never respond to a copyright holder Plaintiff's attempts to meet and confer and never hire an attorney. Should this Court affirm the Magistrate Judge's decision, it will be sharply limiting the recourse available to all copyright holders whose copyrights are being abused by numerous anonymous individuals online.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court set aside the January 11 Order and enter an order granting Plaintiff leave to serve a single deposition subpoena on Jeffrey Goldberg so that Plaintiff may proceed to name and serve the actual infringer in this action with summons and complaint. Plaintiff respectfully submits that the Magistrate Judge did not apply the good cause test and instead applied the higher threshold *Notaro* test. For the reasons described in Plaintiff's original application to serve a deposition subpoena (ECF No. 7), Plaintiff's request exhaustively satisfies the good cause test for expedited discovery.

///

Respectfully Submitted,

PRENDA LAW INC.

**DATED: January 24, 2012**

By:      /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

            /s/ Brett L. Gibbs
BRETT L. GIBBS, ESQ.