Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | No. 2:11-cv-03074-KJM-CKD <br><br> DECLARATION OF BRETT GIBBS IN SUPPORT OF PLAINTIFF'S OBJECTION TO THE ORDER OF JANUARY 11, 2012 |

**DECLARATION OF BRETT GIBBS IN SUPPORT OF
PLAINTIFF'S OBJECTION TO THE ORDER OF JANUARY 11, 2012**

I, Brett Gibbs, declare as follows:

1. I am an attorney at law licensed to practice in California, and admitted in the Northern District of California. My business address is 38 Miller Avenue, #263, Mill Valley, CA 94941. I am counsel of record for Plaintiff in this matter.

2. At the time of filing of the Complaint in a previous related action brought in the Northern District of California against fifty-three (53) defendants, each Defendant was known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ("ISP") on the date and at the time at which the infringing activity of each Defendant was observed. *Hard Drive Productions, Inc. v. Does 1 – 53, No. 3:11-cv-02330 (N.D. Ca. 2011)*(Pl.'s Compl., ECF No. 1.) Doe Defendant with IP address 66.215.93.42 on March 16, 2011 at 07:05:04 p.m. (UTC) was identified by his ISP, Charter Communications ("Charter"),as Jeffrey Goldberg.

///

3. On August 3, 2011, the Court ordered that the ISPs subpoenaed in this case send a copy of the Order granting discovery to the ISP's subscribers. *Hard Drive Productions, Inc. v. Does 1 – 53*, No. 3:11-cv-02330 (N.D. Cal. 2011) (ECF No. 14 at 2.) Further, on information and belief, Charter sends written notice to all of its subscribers who are subject to subpoenas before it divulges any subscriber information, whether required to do so by court order or not.

4. Mr. Goldberg did not to respond to Charter's notice, or contest the subpoena with the court.

5. On information and belief, counsel for Plaintiff sent written correspondence to Mr. Goldberg on October 4, 2011 and October 19, 2011 at the address provided to Plaintiff by Charter. Plaintiff's counsel also left messages for Mr. Goldberg at the telephone number provided to Plaintiff by Charter.  I personally last contacted Mr. Goldberg via the telephone on November 14, 2011.  That was the last time I was able to get in touch with him.

6. Mr. Goldberg did not respond to Plaintiff's written or telephone correspondence after that.

7. On November 20, 2011, Plaintiff dismissed the IP address that was associated with Mr. Goldberg from *Hard Drive Productions, Inc. v. Does 1-53*, without prejudice. *Hard Drive Productions, Inc. v. Does 1-53*, No. 3:11-cv-02330 (N.D. Cal. 2011) (ECF No. 38.)

8. On November 21, 2011, Plaintiff filed a new Complaint against John Doe. *Hard Drive Productions, Inc. v. Doe*, No. 2:11-cv-03074 (E.D. Cal. 2012).

9. On December 8, 2011, and prior to this case, I sent Mr. Goldberg several letters including, a document preservation notice, a request for informal discovery, and request for an informal settlement discussion.  I received no correspondence back from Mr. Goldberg.

10. Mr. Goldberg has been on notice of Plaintiff's copyright infringement claims with respect to his Internet account for over five months.

11. Plaintiff has made consistent efforts to maintain contact, and has provided Mr. Goldberg with copies of certain relevant document related to the present action.  Additionally, I personally notified Mr. Goldberg of the present action via certified mail, return receipt requested, and asked him in that communication to contact me.  In those letters I specifically told Mr. Goldberg that I

would pursue this deposition discovery if I did not hear back from him. The receipt was returned from his address.  Despite these efforts, Mr. Goldberg still has not responded to Plaintiff's attempts.

12. Plaintiff has used this device in other similar copyright infringement cases with great success – i.e. Plaintiff has been able to identify the Doe Defendant through deposition discovery.

13. I declare under penalty of perjury that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

**DATED: January 24, 2012**

By:     /s/ Brett L. Gibbs